# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Garner Environmental Services, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE NOTICE OF REMOVAL** |
| | ) | **(DOCKET NO. 7)** |
| vs. | ) | |
| | ) | |
| Red River Supply, Inc., Kathy Vestal, | ) | |
| Michael Crocker, Richard Lahr, and | ) | |
| Lahr Agency, LLC, | ) | |
| | ) | Case No. 1:14-cv-115 |
| Defendants. | ) | |

On September 19, 2014, plaintiff Garner Environmental Services, Inc. ("Garner") commenced this action by filing a complaint in this court. Garner claims that it is entitled to payment for environmental cleanup services it provided following a fire that destroyed warehouses containing hazardous materials owned by defendant Red River Supply, Inc. ("Red River").

On October 3, 2014, defendant Lahr Agency, LLC ("Lahr Agency") filed a "Notice of Removal" in this action. See Docket No. 7. The complaint attached to the notice of removal was brought by Red River against the Lahr Agency in state court in Williams County, North Dakota. See Docket No. 7-1. In that case, Red River alleged claims of negligence and negligent misrepresentation stemming from the Lahr Agency's failure to obtain adequate insurance coverage for on-site pollution for Red River. In the notice of removal, the Lahr agency asserts that this court has supplemental jurisdiction over the state court action pursuant to 28 U.S.C. § 1367.

On October 9, 2014, counsel for the Lahr Agency contacted this court's Clerk's Office and requested that the Clerk restrict access to the "Notice of Removal" (Docket No. 7) because it had been filed in error. Counsel for the Lahr Agency also sent an email to undersigned's chambers to

1

clarify what had happened. Based on that email, it appears that counsel for the Lahr Agency believes that the Notice of Removal was improperly filed because the state court action had been served but had not been filed.

The court is not convinced that the state court case involving Red River and the Lahr Agency could properly be removed as part of this action, which was originally filed in this court by plaintiff Garner. The court is also not convinced that it could exercise jurisdiction over a case between two apparently non-diverse parties pursuant to § 1367's grant of supplemental jurisdiction. Further, the court is not certain that the Lahr Agency's interpretation of the provisions governing the time for filing a notice of removal is correct. However, none of these issues is before the court at this time. The Clerk's Office has restricted access to the "Notice of Removal" (Docket No. 7) at the Lahr Agency's request. The court notes for the record that the Notice of Removal was improvidently filed and was not effective to remove any state court action to this court.

Dated this 16th day of October, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court